Abraham Sohlissel, J.
Both parties hereto, agreeing that “ there are no triable issues of fact ”, move for summary judgment in this action to recover additional rent payable under a tax increase clause.
It is true that defendant has somewhat hedged this concession by a conditional reliance on the rule of ‘£ practical construction ’ ’. Since, however, defendant has agreed that this rule does not come into play unless the clause in question is first found to be *503 ambiguous, which this court is convinced it is not, only a question of law is here required to be resolved.
On April 16, 1959 the parties hereto entered into a lease for a period of 10 years commencing December 1, 1959 (with two successive renewal options of seven years each) of supermarket premises then to be built and now in operation on West Park Avenue in the City of Long Beach.
The lease in question, while basically on the form prepared and used by defendant-tenant, is replete with alterations and typewritten addenda. It is, for present purposes, necessary to consider and construe the tax increase clause contained in typed form on one of the riders attached to and made part of the main lease.
The clause now to be analyzed, construed and interpreted reads as follows: “ It is understood and agreed after the commencement of the term of this lease, and after the first full year’s real estate tax assessment on the herein leased premises, Lessee will pay to the Lessor any tax increase in any successive year during the term of this lease or any renewal thereof, such tax increase not to exceed an amount of ONE THOUSAND ($1,000) DOLLARS in any one year, and Lessee will pay such tax increase as additional rent.”
It is the position of plaintiff-landlord that the instant tax increase clause requires lessee to pay the amount of the increased tax burden during each year of the term of this lease above the sum payable during the preceding year, limited only to a maximum increase of $1,000 in any single year. Stated otherwise, it is plaintiff’s contention that if the tax in the base year was $7,000 and in the next succeeding year $8,200, defendant as tenant would have to pay it $1,000 as additional rent, and that if the second succeeding year’s taxes reached $9,000 defendant’s liability would be for $1,800.
Defendant, on the other hand, maintains that in no event and under no circumstances can it be obliged or required to pay more than $1,000 in any one year. Therefore, under the fact situation assumed above, defendant would, under its construction, be required to pay only $1,000 in the second successive year rather than the $1,800 liability resulting from adoption of plaintiff’s construction.
Stated in different form, defendant would interpret this clause as though it had (either directly or by easy reference) fixed a base year dollar liability and then obligated lessee to pay no more than $1,000 per year above this base or fixed sum.
The difficulty with this construction is that, as this court sees it, it runs counter to the clear and unambiguous language which *504 the parties, for whatever reason or with whatever thought or purpose, had chosen to use.
This is not the classic base year tax clause with a maximum annual liability tacked on. It is rather a hybrid fixing a base from which liability initially flows but requiring lessee, subject only ito the limitation of the increase to $1,000 in any one year, to pay “ any tax increase in any successive year during the term of this lease or any renewal thereof ”.
This, in this court’s opinion, means and can mean only that, as each year’s tax is fixed and determined, tenant must pay the amount of its tax burden for the last preceding year plus the amount of the current increase or $1,000, whichever may be the lower.
The construction thus adopted by this court gives meaning and effect to every word of this tax increase clause whereas that sponsored by defendant would ignore its assumption of responsibility for “ any tax increase in any successive year ”, limited only as above suggested, and would substitute therefor a base year clause with a maximum permissible increase of $1,000 each year.
This may indeed be what defendant bargained for and expected to get. In this court’s judgment it is quite definitely and most unequivocally not what it did get. The clear and unambiguous language actually used may not be tortured to produce the result to which defendant aspires.
It necessarily follows that plaintiff’s motion for summary judgment must be and is now granted, and that defendant’s cross motion for dismissal must be and is now denied.
Let the parties proceed in accordance herewith, the Clerk of this court being now directed to enter summary judgment granting plaintiff all the relief sought by it with appropriate interest, costs and disbursements.