Arthur W. Lonschein, J.
This is' a nonpayment proceeding instituted by landlord petitioner to dispossess the respondent tenant for it's failure to pay the sum of $585 representing the alleged rent due for the months of June and July, 1974.
The basic rent called for in the lease is $250 per- month, but there is an escalator, clause contained in Paragraph 42 of the lease providing for the same percentage increase in rent as there is an increase in real estate taxes from the base year 1972.
The tenant contends that the portion of the lease fixing the base year as “ 1972 ” is defective since there is no tax year as “ 1972 ” in New York City, the tax year being a fiscal year. A base tax year would of necessity have to be described as “ 1971-1972” or “1972-1973.” This omission, claims the tenant, voids that part of the lease Avhich ordinarily would have the effect of giving the landlord an increase in rental if taxes increase.
This argument is without merit. Words in a lease are never to be rejected as meaningless or void if they can be made significant by any reasonable construction. (Allen v. Forsyth, 25 N. Y. S. 2d 822.) While the court does not possess the prerogative to rewrite a lease under the guise of interpretation (Rodolitz v. Neptune Paper Prods., 22 N Y 2d 383, 386)- the court should interpret a lease in the light of the purposes sought to be attained by the parties. (Farrell Lines v. City of New York, 30 N Y 2d 76.) In interpreting this lease the court is mindful of the rule that an ambiguous provision of a lease draAvn by a landlord should be construed in the tenant’s favor. (455 Seventh Ave. v. Hussey Realty, 295 N. Y. 166; Rizzo v. Morrison Motors, 29 A D 2d 912; Blacharsh v. Cue Variety Stores, 71 Misc 2d 913.)
Obviously, the parties intended that the word ‘ ‘ tax year 1972 ” meant a fiscal year encompassing the calendar year 1972. Therefore, the parties intended “ 1972” to mean either the fiscal year “ 1971-1972 ” or “ 1972-1973 ”. This court will be guided by the words of the court in General Venture Capital Corp. v. .Wilder Transp. (26 A D 2d 173, 177). “ This is an appropriate ease for application of the rule that where the ‘ remaining doubt as to the proper interpretation is merely as to which of two possible and reasonable meanings should be adopted, the court will adopt that one which is the less favorable in its legal effect to the party who cbose the words. ’ (3 Corbin, Contracts, § 559, p. 262.) ”
*1096 In the case at bar the interpretation which is the less favorable to the landlord is the base year of 1972-1973 when the real estate taxes totaled $2,151.60. For the tax year 1973-1974, the total real estate taxes were $2,275.00, representing a 5.73% increase over the base year 1972-1973. Accordingly, landlord is entitled to rental of $264.33 per month for the months of June and July, 1974, an increase of $14.33 per month pursuant to the escalator clause of the lease.
The further argument of the tenant that the terms of the escalator clause in the lease are unconscionable is likewise without merit. The tenant claims that since each of the three stores in the building of which the demised premises are a part have similar escalator clauses, the landlord is not simply breaking even because of the escalator clauses of the leases, but indeed profiting when and if there is an increase i-n taxes.
The doctrine of unconscionability is used by the courts to protect those who are unable to protect themselves and to prevent injustice. (Seabrook v. Commuter Housing Co., 72 Misc 2d 6.) In holding that the tenant does not fall into the class meant to be protected by the courts from unconscionable Agreements, the court makes the following findings: 1. The tenant, a corporation who seeks to have this court declare a contract for the lease of real estate unconscionable, is in the real estate business itself. 2. The principal of the tenant, licensed as a real estate broker, is a knowledgeable, sophisticated businessman and well known as such in the community. 3. The attorney for the tenant actually advised tenant’s principal not tó sign the lease but the principal disregarded this advice. 4. The tenant has previously been involved in litigation in this court involving the construction of a prior lease in other premises, in a case where this very tenant was able to gain an advantage over its former landlord involving the use of words in that lease. (Kuppers v. Tortora Agency, 63 Misc 2d 656.)
Perhaps it is poetic justice that this time it was the landlord that outfoxed the tenant, who should have known better. This tenant wAs no amateur but stood as an equal to the landlord in the field of real estate and business. The court cannot take seriously this kind of a litigant complaining of an unfair advantage taken against it in a real estate transaction.
Final judgment for landlord in the sum of $528.66. Counterclaim dismissed. Five days’ stay.