Marquette L. Floyd, J.
The petitioner-landlord, successor in interest to the original landlord who negotiated the lease, brings this summary proceeding submitted on agreed statement of facts for nonpayment of rent. Resolution of the controversy rests upon the interpretation of paragraph 55 of the lease agreement which obligates the tenant to pay, as additional rent, a proportionate share of increases in real estate taxes.
Paragraph 55 states: "Tenant shall pay 18% of the amount by which real estate taxes and assessments paid by the Landlord for the Demised Premises for the tax year of December 1, 1975 to November 30, 1976, and each subsequent tax year, exceeds the real estate taxes and assessments paid by the Landlord for the Demised Premises for the tax year of December 1, 1974 to November 30, 1975. Said amount shall be paid by Tenant to Landlord ten (10) days prior to the date same is due and payable by Landlord, after notice and demand.”
A second lease for additional space was executed upon similar terms with the percentage in paragraph 55 set at 9%; therefore, the total percentage owed by the respondent is 27%.
*897 The dispute centers around the words "Demised Premises” in paragraph 55. The petitioner contends that "Demised Premises” should be construed as encompassing the entire shopping center and thus the respondent must pay 27% of the increased taxes on the shopping center. In support of its position, it argues that the respondent occupies 27% of the square footage of the shopping center and that paragraph 55 was designed to spread the amount of increased taxes proportionately among the tenants of the shopping center. Such a provision is frequently called a "tax stop” clause.
The respondent vigorously disputes the characterization of of paragraph 55 as a tax stop clause. It points to paragraph 40 of the lease which specifically defines "Demised Premises” as that which is actually occupied by the tenant. Thus under the respondent’s formula it need only pay 27% of the increased taxes which are attributable to the area occupied by the respondent.
When interpreting a contract provision, a court must strive to effectuate the intent of the parties as they have manifested that intent by what they have written. (Laba v Carey, 29 NY2d 302, 308.) A court may not rewrite the agreement of the parties under the guise of contract construction, and full effect must be given to the plain meaning of the unambiguous terms employed by the parties. (Laba v Carey, supra, p 308.)
The court finds that the words "Demised Premises” are unambiguous since they were specifically defined by the parties as that space actually occupied by the tenant, and therefore the landlord’s position must be rejected. The petitioner’s claim that the respondent is attempting to unfairly take advantage of shoddy draftsmanship does not justify a contrary interpretation of the language. Paragraph 55 was the subject of a considerable amount of negotiation and each of the parties were represented by an attorney. In addition, there is no allegation of mistake or overreaching by any of the parties.
It is certainly not improbable that the original landlord intended paragraph 55 to be a tax stop clause; however, the court must look to the objective intent of the parties. (Bayside Fed. Sav. & Loan Assn. v Cord Meyer Dev. Co., 28 AD2d 866.) There the tenant contended that the phrase "savings and loan association” in the use clause of the lease should be construed as including a savings bank. The court held that the two institutions were distinguishable and that the tenant, who was chargeable with knowledge of banking terminology, would not *898 be allowed to contradict the clear and unambiguous writings of the parties. Similarly, the courts in Blacharsh v Cue Variety Stores (71 Misc 2d 913) and Oceantown Realty Corp. v Great Atlantic & Pacific Tea Co. (54 Misc 2d 502) refused to give effect to extrinsic evidence relative to the subjective intent of one of the parties and relied solely on the plain language of the agreements.
The determinative factor in this otherwise close case is the total lack of any evidence tending to establish that the tenant acquiesced in the interpretation proffered by the landlord. Absent a showing that the writing does not represent the agreement of the parties, this court is constrained to give effect to the clause as written.* In addition, the court is aware of the well-established principle that " 'no additional liability will be imposed upon a tenant unless it is clearly within the provisions of the instruments under which it is claimed.’ ” (Blacharsh v Cue Variety Stores (71 Misc 2d 913, 915-916.)
Accordingly, the tenant is liable for 27% of the increased taxes attributable to the space it occupies. If the parties cannot agree on the amount of such increase, the court will hold a hearing to resolve the dispute.

 The petitioner may bring an action to reform the lease and establish that the parties actually intended to use the words "Shopping Center” in paragraph 55 instead of "Demised Premises”. Unfortunately, such relief cannot be predicated upon the petitioner’s complaint and the present state of the record.