CATHERINE C. BLOUNT & another[1] *vs.* ELIOT W.
DENAULT, JR., & others, trustees.[2]

No. 88-P-238.

Suffolk. January 11, 1989. — June 29, 1989.

Present: BROWN, KASS, & SMITH, JJ.

*Landlord and Tenant,* Covenant to pay rent, Taxation.

In an action seeking a declaratory judgment with respect to the construction
of a tax escalation clause in a commercial lease, the judge correctly
declared that the unambiguous language of the provision in question
meant that the tenant's maximum rent adjustment liability was five
hundred dollars per year and any increase was noncumulative over pre-
vious years. [525-526]

CIVIL ACTION commenced in the Superior Court Department
on June 25, 1986.

The case was heard by *Catherine A. White, J.*

*Frank A. Libby, Jr.,* for the defendants.

*Richard B. Michaud (Barry S. Fischer* with him) for the
plaintiffs.

BROWN, J. The defendants are appealing from a summary
judgment favorable to the plaintiffs. The sole issue in this case
is the construction of a tax escalation clause, Section 6 in a
standard form commercial lease. We are asked to examine the
so-called rent adjustment provision, which is set out in the
margin,[3] and to focus specifically on the phrase "in any one
year."

---

[1] Peter C. Blount.

[2] The defendants, Eliot W. Denault, Jr., Dorothy B. Denault, and Thomas
P. Fulchino, are trustees of a trust under the will of Eliot W. Denault.

[3] Section 6 of the lease provides: "The LESSEE shall pay to the LESSOR
as additional rent *50%* per cent [*sic*] of any increase in real estate taxes
levied against the land and building, of which the leased premises are a part,

The plaintiffs (the lessees here) leased for a ten-year period, commencing February 1, 1982, certain space in premises at 167 Newbury Street in Boston from the lessors, two of whom are now deceased. On October 28, 1982, the plaintiffs entered into a second lease for additional space in the same premises. The second lease contains a rent adjustment clause based upon a certain percentage of any increase in the real estate taxes levied against the premises. The plaintiffs' complaint sought a declaratory judgment that the effect of the clause was that the plaintiffs shall pay a maximum of $500 per year as their share of any real estate tax increase. Both parties moved for summary judgment.

Summary judgment is appropriate when there is "no genuine issue of material fact." Mass.R.Civ.P. 56, 365 Mass. 824 (1974). The interpretation of the terms of an unambiguous lease is a question of law to be decided by the court. *Great Atl.· & Pac. Tea Co.* v. *Yanofsky*, 380 Mass. 326, 334 (1980). The Superior Court judge concluded that the language in the clause was unambiguous and ruled that as matter of law "[S]ection 6 of the lease is declared to mean that [the] plaintiffs shall pay a maximum of $500.00 per year non-cumulative as the lessee's share of any real estate tax increases." The judge's interpretation of the clause is correct.

The defendants contend that the judge erred by giving no effect to the words "in any one year" when she interpreted Section 6 to mean that the increase was noncumulative. They cite, as do the plaintiffs, *Duane Realty Corp.* v. *Great Atl. & Pac. Tea Co.*, 8 Mass. App. Ct. 899 (1979), as the controlling case on this issue. In *Duane*, the court construed the word "annually" in another tax escalation clause to mean that the tax increase was not cumulative. The court in dicta suggested that if a cumulative increase were intended in a clause such

over those incurred or levied during the calender year ending *fiscal yr. 1981*. This increase shall be prorated should this lease terminate before the end of the calender year. ·The LESSEE shall make payments within thirty (30) days of written notice from the LESSOR that such operating expenses, or increased taxes, are payable by the LESSOR. *However, said increase shall not exceed $500. in any one year during the term of this lease.*" The typewritten language inserted by the parties to the lease is emphasized.

as Section 6 then the parties would have to provide some language such as "said increase shall not exceed $500 in any one year over the last preceding year." In so doing the court referred to two New York cases.[4]

The defendants contend that the clause at issue in this case and the one in the *Oceantown* case, cited in *Duane Realty*, are, as the Superior Court judge noted, similar. See *Duane Realty Corp.*, 8 Mass. App. Ct. at 900. A close reading of the *Oceantown* case, however, reveals that the decision there that the increase was cumulative turned on the construction of the term "successive year," not on the term "in any one year." *Oceantown Realty Corp.* v. *Great Atl. & Pac. Tea Co.*, supra at 503-504. Cf. *Westbury Post Ave. Associates* v. *Great Atl. & Pac. Tea Co.*, 46 App. Div. 2d 860 (1974), aff'd, 38 N.Y.2d 890 (1976) ("previous year"). A clause containing language basing the increase on the prior year's tax rate may be construed so as to operate cumulatively. See, e.g., *Oceantown Realty Corp.*, supra at 504. Contrast *Duane Realty Corp.*, supra. However, where, as here, the clause fixes a base year tax — fiscal year 1981 — and tacks on a maximum annual liability of $500 in any one year, the additional rent is noncumulative. See and contrast *Oceantown Realty Corp.*, supra. The judge correctly ruled that as matter of law the clause was not cumulative.

Deciding as we do, we find it unnecessary to credit or rely upon deposition testimony that two of the lessors, both now deceased, billed and accepted payments of $500 per year under the tax clause for the two years immediately preceding this dispute. Likewise, we see no need to comment on the plaintiffs' assertion that the original parties to the lease intended that the amount to be paid each year was not to exceed $500.

*Judgment affirmed.*

---

[4] *Oceantown Realty Corp.* v. *Great Atl. & Pac. Tea Co.*, 54 Misc. 2d 502, 503-504 (N.Y. Long Beach City Ct. 1967). *Westbury Post Ave. Associates* v. *Great Atl. & Pac. Tea Co.*, 46 App. Div. 2d 860 (1974), aff'd, 38 N.Y.2d 890 (1976).